IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| FRANK C. BORDEAUX, IV, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:10-149-MJP-JRM |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF COLUMBIA, CHARLES | ) | **REPORT AND RECOMMENDATION** |
| AUSTIN, J.R. SWISHER, | ) | |
| ESTELLE T. YOUNG, ISA GREEN, | ) | |
| NORMAN CALDWELL, in their | ) | |
| individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, Frank C. Bordeaux, IV ("Bordeaux") filed this action on January 20, 2010 against his former employer, the City of Columbia, South Carolina ("the City") and several supervisory employees of the City ("the individual Defendants"). He alleges Title VII claims for reverse race discrimination and retaliation against the City as well as a pendent state law claim for civil conspiracy against the individual Defendants.

On February 5, 2010, Defendants filed a motion to dismiss, followed by a supplement to the motion to dismiss filed February 22, 2010. Bordeaux filed a response on March 3, 2010. Defendants filed a reply on March 5, 2010. The City argues that Bordeaux's claim of race discrimination should be dismissed because this Court lacks subject matter jurisdiction due to the fact that it was not included in the charge of discrimination filed with the South Carolina Human Affairs Commission ("SCHAC"). The individual Defendants assert that the civil conspiracy claim against them should be dismissed pursuant to 28 U.S.C. § 1367.

**1. Race Discrimination**

In his first cause of action, Bordeaux alleges that the City discriminated against him because of his race. This discrimination is alleged to have occurred while he was employed by the City as a police officer.

The City argues that Bordeaux's claim should be dismissed pursuant to Rule 12(b)(6), Fed.R.Civ.P., because he did not include this claim in his SCHAC charge. However, two courts that have recently addressed this issue have concluded that such a motion should be considered under Rule 12(b)(1) because it is based on a lack of subject matter jurisdiction. *See* Beane v. Agape Management Services, Inc., 2009 WL 2476629 (D.S.C.) and Johnson v. Portfolio Recovery Associates, LLC, 2009 WL 5726007 (E.D.Va.). The undersigned concludes that the City's motion should be considered under Rule 12(b)(1).

In Johnson, the court summarized the standard of review when considering a motion under Rule 12(b)(1):

> Defendant seeks to dismiss Plaintiff's Title VII retaliation claim pursuant to Federal Rule of Civil Procedure 12(b)(1), which permits a defendant to move for dismissal of a claim due to the court's lack of subject matter jurisdiction. A.W. ex rel. Wilson v. Fairfax County Sch. Bd., 548 F.Supp.2d 219, 221 (E.D.Va.2008). Having filed this suit and thereby seeking to invoke the jurisdiction of the Court, Plaintiff bears the burden of proving that this Court has subject matter jurisdiction. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.1991).
>
> When considering a Rule 12(b)(1) motion to dismiss, unlike a motion to dismiss pursuant to Rule 12(b)(6), "the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Velasco v. Government of Indonesia, 370 F.3d 392, 398 (4th Cir.2004) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982)). Therefore, this Court may weigh the evidence and resolve factual disputes regarding jurisdiction by considering evidence outside the Complaint. Williams v. United States, 50 F.3d 299, 304 (4th Cir.1995). Even though such a Rule 12(b)(1) motion to dismiss is not converted into a motion for summary judgment,

2

district courts "should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Richmond, Fredericksburg & Potomac R.R. Co., 945 F.2d at 768. Only when "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law" should the Court grant the motion. *Id.*

*Id.*

A copy of Bordeaux's SCHAC charge is attached to the City's memorandum in support of its motion to dismiss. In the "Discrimination Based On" section of the charge, Bordeaux marked only the "Retaliation" box. He did not mark the "Race" box. In the "Particulars" section of the charge, Bordeaux stated:

> I. **PERSONAL HARM:** I was subjected to disparate terms and conditions from on or about December 6, 2008 through March 20, 2009
>
> II. **RESPONDENT'S REASON(S) FOR ADVERSE ACTION(S):** No reason given.
>
> III. **COMPLAINANT'S CONTENTION(S):** I was terminated after I reported incidents of misconduct and neglect of duty by a Black officer. I was later reinstated following a grievance hearing and since that time have been subjected to retaliation and harassment.
>
> IV. **DISCRIMINATION STATEMENT:** I therefore believe I was discriminated against in retaliation for my opposition to employment practices declared unlawful by the South Carolina Human Affairs Law, as amended, and Title VII of the Civil Rights Act of 1964, amended.

Before filing a Title VII complaint in the United States District Court, a plaintiff must first exhaust his administrative remedies. *See* 42 U.S.C. § 2000e-5(b) and Bryant v. Bell Atl. Md. Inc., 288 F.3d 124, 132 (4th Cir. 2002). The exhaustion requirement "serves the complementary goals of providing employers fair notice of alleged discrimination and of enabling the EEOC to pursue a

3

reconciliation between the disaffected employee and his employer." Carter v. Rental Unif. Serv. of Culpeper, Inc., 977 F. Supp. 753, 758 (W.D.Va. 1997). Generally, a federal district court does not have subject matter jurisdiction under Title VII of claims omitted from the EEOC administrative charge. Dennis v. County of Fairfax, 55 F.3d 151, 156-57 (4th Cir. 1995). The court must liberally construe the EEOC charge, because "lawyers do not typically complete the administrative charges." Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir.1996).

The Fourth Circuit's most recent discussion of this issue is on point. In Jones v. Calvert Group Ltd., 551 F.3d 297 (4th Cir. 2009), the plaintiff filed a charge of race, sex, and age discrimination which was settled through the conciliation process. She filed a second charge alleging retaliation. The Court held:

> The second charge alleged that Jones was being retaliated against because she had filed the first charge; it did not allege that she was discriminated against based on her age, sex, or race. Indeed, she checked only the "retaliation" box on her EEOC charge and left unchecked the boxes for "age," "sex," or "race." The district court therefore properly determined that Jones failed to exhaust her administrative remedies with regard to those claims.

*Id.* at 301 citing Evans v. Techs. Applications & Serv.Co., 80 F.3d at 963.

Bordeaux concedes that the SCHAC charge does not explicitly include a claim of race discrimination. He offers two arguments that the race claim was exhausted through the administrative process.

4

First, Bordeaux argues that by stating that he "was subject to disparate terms and conditions" of employment is sufficient to raise a claim of race discrimination. The undersigned disagrees. Bordeaux does not say that he was treated disparately because of his race. Accepting this argument would necessarily dictate that the charge was also sufficient to exhaust claims of discrimination based on sex, religion, national origin, age and/or disability.

Second, Bordeaux argues that a preliminary questionnaire he filled out, a copy of a portion of which is attached to his memorandum, is sufficient for exhaustion purposes. In the questionnaire, Bordeaux marked race and sex discrimination as well as retaliation. Further, in a narrative in the questionnaire Bordeaux states that "(h)e has been treated disparately from other black officers and other female officers." Bordeaux argues that the questionnaire is sufficient to show that the race claim would have been developed by a reasonable investigation. However, it does not appear that a copy of the questionnaire was furnished to the City during the investigation, and the City, therefore, was not on notice that Bordeaux raised a claim of race discrimination.

> "The purposes underlying the administrative charge requirement include giving the charged party notice of the claim, narrowing the issues for speedier and more effective adjudication and decision, and giving the EEOC and the employer an opportunity to resolve the dispute." Johnson v. Portfolio Recovery Associates, LLC, *supra*, quoting 2 Barbara T. Lindemann & Paul Groseman, Employment Discrimination Law 1984 (4th ed. 2007). *See also* Chacko v. Patuxent Institution, 429 F.3d at 508-510.

Given the underlying policy of the EEOC process, the undersigned concludes that Bordeaux's statements to SCHAC in the preliminary questionnaire were insufficient to exhaust his race discrimination claim because he has not shown that the City was given appropriate notice.

5

**2. Civil Conspiracy**

The individual Defendants have moved to dismiss Bordeaux's claim for civil conspiracy without prejudice pursuant to 28 U.S.C. § 1367. They allege that the civil conspiracy claim lacks a federal jurisdictional basis, or in the alternative this Court should exercise its discretion to not hear the claim. Bordeaux argues the existence of jurisdictional basis for the claim, and alternatively, should the Court use its discretion to not hear the state law claim, it should be dismissed without prejudice so that he can pursue it in state court. In their supplemental filing, the individual Defendants provide a copy of Blackwell v. Wideman, 2010 WL 293766 (D.S.C.) wherein the Honorable R. Bryan Harwell, United States District Judge, dismissed a supplemental civil conspiracy claim pursuant to 28 U.S.C. § 1367(c)(1).

Congress has codified the principles of pendent and ancillary jurisdiction under the hearing of supplemental jurisdiction. City of Chicago v. International College of Surgeons, 522 U.S. 156, 164-65 (1997). Title 28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The individual Defendants argue that "because the parties, conduct, elements and burdens differ [between the Title VII claims and the civil conspiracy claim], there is no 'common nucleus of operative facts' sufficient to support Plaintiff's civil conspiracy claim under § 1367(a)." (Def.Mem., p. 4).

The undersigned concludes that Bordeaux's civil conspiracy claim involves a "common nucleus of operative facts" related to his Title VII claims. The Title VII claims are properly alleged against Bordeaux's former employer, the City. The City can act only through its employees and

6

agents. Bordeaux alleges, to some extent, that the individual Defendants were the parties whose actions violated Title VII. The undersigned concludes that the facts alleged in the conspiracy are intertwined with the facts alleged with regard to the Title VII violations.

However, the undersigned recommends that the civil conspiracy claim be dismissed pursuant to 28 U.S.C. § 1367(c)(1). South Carolina civil conspiracy law, as found by Judge Harwell in Blackwell, presents a number of vexing legal issues. *See* Anthony v. South Carolina Department of Corrections, 2007 WL 1032440 (D.S.C.). As Judge Harwell pointed out in Blackwell, South Carolina civil conspiracy cases frequently involve an issue of whether the plaintiff is a public official, and if so whether he is precluded from maintaining a civil conspiracy action on that basis pursuant to Angus v. Burroughs & Chapin Co., 368 S.C. 167 (2006). Further, state law requires a plaintiff to prove special damages in a civil conspiracy action. These issues would best be resolved in state court.

## **Conclusion**

Accordingly, it is recommended that Defendants' motion to dismiss be **granted**. Plaintiff's race discrimination claim should be **dismissed** for lack of subject matter jurisdiction and his civil conspiracy claim should be **dismissed** without prejudice pursuant to 28 U.S.C. § 1367(c)(1).

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina
May 7, 2010